UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE J. NEWTON,<br><br>    Plaintiff,<br><br>v.<br><br>S. EATMON, a correctional officer, et al.,<br><br>    Defendants. | Case No.: 3:19-cv-00511-LAB-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 11]** |

  Plaintiff Theodore J. Newton, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to Title 42, United States Code, Section 1983, alleging that a correctional officer at the Richard J. Donovan Correctional Facility used excessive force against him. [Doc. No. 1.] Before the Court is plaintiff's Motion for Appointment of Counsel. [Doc. No. 11.] For the reasons outlined more fully below, the Court finds that plaintiff's Motion for Appointment of Counsel must be DENIED. [Doc. No. 11.]

  Plaintiff requests that the Court appoint counsel for several reasons. First, he contends that "imprisonment will greatly limit his ability to litigate." [Doc. No. 11, a p. 1.] Second, plaintiff asserts that "the issues in this case are complex and will require significant research and investigation," and he has only "limited access to the law library and limited knowledge of the law." [*Id.*] Third, plaintiff claims that "a trial in this case

1

will likely involve conflicting testimony, and counsel would better enable plaintiff to present evidence and cross examine witnesses." [*Id.*] Fourth, plaintiff represents that he is unable to afford counsel. [*Id.*]

An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.*, 452 U.S. 18, 25 (1981). District Courts generally lack authority to require counsel to represent indigent prisoners in Section 1983 cases. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298-309 (1989). However, in certain "exceptional circumstances," the Court may request the voluntary assistance of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citation omitted).

Here, there is currently no basis to support a finding of exceptional circumstances. First, the record is not sufficiently developed, so the Court cannot determine the likelihood of success on the merits.

Second, there is nothing from which the Court could conclude plaintiff lacks the ability to articulate and prosecute his claims *pro se*. Plaintiff has demonstrated a knowledge of the essential facts supporting his claim, which appear relatively straightforward and uncomplicated. Additionally, the District Court has already determined plaintiff's complaint sufficiently states a claim against defendant to survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A. [Doc. No. 6, at pp. 4-7.] Thus far, plaintiff has shown an ability to effectively articulate his claims and communicate with the Court in this action.

Third, a *pro se* prisoner's inability to afford an attorney, standing alone, is not enough to show exceptional circumstances. This and other hardships imposed by

2

3:19-cv-00511-LAB-KSC

incarceration "are difficulties which any litigant would have in proceeding *pro se*; they do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335–1336 (9th Cir. 1990).

Finally, *pro se* litigants are afforded some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This also applies to motions. *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). Accordingly, plaintiff's *pro se* status will be taken into consideration by the Court when his filings are reviewed.

### ***Conclusion***

For the foregoing reasons, the Court finds that plaintiff has not shown there are "exceptional circumstances" for the appointment of counsel in the case. Accordingly, IT IS HEREBY ORDERED that plaintiff's Motion for Appointment of Counsel is DENIED. [Doc. No. 11.]

IT IS SO ORDERED.

Dated: August 13, 2019

Hon. Karen S. Crawford
United States Magistrate Judge