| | |
|---|---|
| THEODORE J. NEWTON,<br><br>Plaintiff,<br>v.<br>S. EATON,<br><br>Defendant | Case No.: 19CV511-LAB(KSC)<br><br>**REPORT & RECOMMENDATION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>**[Doc. No. 13]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Plaintiff Theodore J. Newton is proceeding *pro se* and *in forma pauperis* (IFP) in this civil rights action pursuant to Title 42, United State Code, Section 1983, alleging that his rights under the Eighth Amendment were violated when defendant S. Eaton assaulted and used excessive force against him on multiple occasions. [Doc. No. 1.]

Before the Court is defendant's Motion for Summary Judgment. [Doc. No. 13.] Defendant argues judgment should be entered in his favor, because plaintiff failed to exhaust his administrative remedies before filing his Complaint in this action. [Doc. No. 13, at pp. 13-14.] Plaintiff has filed three submissions in opposition to defendant's

Motion for Summary Judgment.[1] [Doc. Nos. 17, 20 & 21.] For the reasons outlined more fully below, IT IS HEREBY RECOMMENDED that defendant's Motion for Summary Judgment be GRANTED.

### *Background*

Plaintiff, who has one eye and several medical issues, was housed at R.J. Donovan Correctional Facility when the events that are the basis for his Complaint occurred. [Doc. No. 1, at pp. 1 & 3.] In his Complaint, plaintiff alleges that on or about August 27, 2018, defendant, who is a correctional officer, escorted him to a medical appointment. [*Id*. at p. 3.] Plaintiff alleges that while he was at the medical facility defendant pushed him with enough force to nearly knock him out of his chair. [*Id*.] Defendant is then alleged to have leaned on plaintiff with his full weight, pulled out a handful of plaintiff's beard, and dared plaintiff to say anything about defendant's use of force. [*Id*.] Plaintiff alleges medical staff were present at the time and witnessed the entire incident. [*Id*.] Plaintiff further alleges that he was also assaulted by defendant on September 27, 2018, October 3, 2018 and October 4, 2018, in retaliation for plaintiff filing an administrative grievance, and that defendant threatened to "knock out" plaintiff's only eye. [*Id*.]

Plaintiff filed his Complaint against defendant on March 15, 2019.[2] [*Id*.]

### *Discussion*

#### **I.     *Summary Judgment Standards Under Rule 56.***

The purpose of summary judgment is to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). "The court

---

[1] Plaintiff was advised of the briefing schedule and provided with the Notice required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1988) (*en banc*) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). In this Notice, plaintiff was warned of his obligation to respond to the Motion and the potential consequences for failing to do so. [Doc. No. 18.]

[2] Plaintiff's Complaint also named the former appeals coordinator at R.J. Donovan Correctional Facility, T. Villanueva, however, this defendant was dismissed on screening. [Doc. No. 6.]

shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. [Citation omitted.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet the burden of proof, a moving defendant must either produce evidence negating an essential element of the plaintiff's claim or show that the plaintiff does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. Ltd.*, 475 U.S. at 586. "[T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Id.* at 587 (emphasis in original, internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rule 56 requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial on all matters as to which he has the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted).

In considering a Motion for Summary Judgment filed by the defendant, the Court "must determine whether the record, when viewed in the light most favorable to [the plaintiff as the non-moving party], shows that there is no genuine issue of material fact and that the [defendants] are entitled to judgment as a matter of law." *Brown v. City of Los Angeles*, 521 F.3d 1238, 1240 (9th Cir. 2008). An issue of material fact is genuine

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. However, it is not the role of the District Court to make credibility determinations, weigh the evidence, or draw legitimate inferences from the facts. *Id.* at 255.

## II. <u>**Administrative Exhaustion Requirements**</u>.

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. However, the Prison Litigation Reform Act ("PLRA") includes a mandatory requirement that a prisoner exhaust available administrative remedies before filing suit under Section 1983. *Booth v. Churner*, 532 U.S. 731, 733–734 (2001). This mandatory requirement states as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).

In California, "[a]ny inmate . . . may appeal any policy, decision, action, condition, or omission . . . that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1. "The California prison grievance system has three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016), citing Cal. Code Regs. tit. 15, § 3084.1(b). Generally, "[a]t least one face-to-face interview" must be conducted with the inmate "at the first level of review, or the second level if the first level of review is bypassed." Cal. Code Regs. tit. 15, § 3084.7(3). To present an appeal, an inmate must complete CDCR Form 602, and if more space is needed, the inmate must also complete CDCR Form 602-A. Cal. Code Regs. tit. 15, § 3084.2.

"All appeals shall be initially submitted and screened at the first level unless the first level is exempted. The appeals coordinator may bypass the first level. . . ." Cal. Code Regs. tit. 15, § 3084.7(a). "The second level is for review of appeals denied or not otherwise resolved to the appellant's satisfaction at the first level, or for which the first level is otherwise waived. . . . The second level shall be completed prior to the appellant filing at the third level. . . ." Cal. Code Regs. tit. 15, § 3084.7(b). "Second level review shall be conducted by the hiring authority or designee at a level no lower than Chief Deputy Warden, Deputy Regional Parole Administrator, or the equivalent." Cal. Code Regs. tit. 15, § 3084.7(d)(2). "The third level is for review of appeals not resolved at the second level. . . ." Cal. Code Regs. tit. 15, § 3084.7(c). "The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation . . . . The third level of review exhausts administrative remedies. . . ." Cal. Code Regs. tit. 15, § 3084.7(d)(3).

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84, 93 (2006). "[P]roper exhaustion of administrative remedies is necessary." *Id.*

### III. *Plaintiff's Appeal*

Plaintiff initiated a prison appeal regarding the interaction that occurred between him and defendant on August 27, 2018. [Doc. No. 13-2. *Decl. of E. Frijas*, Ex. B, pp. 17-22.] In his appeal he alleged that when defendant arrived at plaintiff's cell to escort him to his medical appointment, defendant told the floor officer that plaintiff was a problem. [*Id.* at p. 17.] This statement was alleged to have been later repeated to a sergeant. [*Id.* at p. 18.] Plaintiff reported that defendant threatened him with violence and told plaintiff "he wants to kick my only eye out." [*Id.* at 19.] He alleged that while inside the medical trailer, defendant pushed him several times and forced the medical staff to get out of the way. [*Id.*] Plaintiff claimed that when he did not respond, defendant pulled his beard. [*Id.*] The appeal identifies defendant by name, refers to an officer called "Mesa or Mase"

5

and states that an unnamed sergeant and unnamed members of the medical staff witnessed the events. [*Id*.] This is the only prison appeal made by plaintiff with respect to his allegations that defendant used excessive force, harassed, threatened or assaulted plaintiff. [*Id*. at ¶ 12.]

Because plaintiff's appeal pertained to a staff complaint, it bypassed the first level of review. [Doc. No. 13-2. *Decl. of E. Frijas*, ¶ 9 & Ex. B, pp. 17-22.] At the second level of review, Sergeant G. Martinez was assigned to investigate the appeal. [Doc. No. 13-3, *Decl. of G. Martinez*, ¶ 2.] Martinez interviewed plaintiff on September 11, 2018, but plaintiff was not able to provide a more complete description of the witnesses than he had provided in his appeal. [*Id*. at ¶ 4.] Martinez also interviewed defendant on September 25, 2018. [*Id*.]

Martinez worked to identify the unnamed witnesses using FALSA and inmate movement records. [*Id*. at ¶ 5.] He identified Officer C. Meza as the officer who escorted plaintiff that day. [*Id*.] He also identified Sgt. C. Godinez as the sergeant on duty; Nurse Onate as working in the medical trailer at the time; and L. Flores and D. Slack as the two inmates that were present in the medical center. [*Id*.] Martinez interviewed each of these individuals in November 2018. [*Id.* at ¶ 5.] None of them supported plaintiff's allegations. [*Id.*]

Martinez then prepared an appeal inquiry report in which he summarized the interviews and offered his assessment that the evidence did not support plaintiff's claims. [*Id*. at ¶ 6.] In this report, Martinez identified plaintiff, defendant, Officer Meza and Sgt. Godinez by name, but not Nurse Ornate or the two inmates, who were simply referred to as interviewed witnesses. [*Id*.] His report was forwarded to the hiring authority in November 2018. [*Id*.]

In May or June 2019, the hiring authority responded to the report and asked Martinez to identify the unnamed witnesses he had interviewed. [*Id*. at ¶ 7.] Rather than rely on the earlier interviews, Martinez re-interviewed Nurse Onate and the two inmate

witnesses. [*Id.*] He completed the interviews on June 12, 2019, and resubmitted the appeal inquiry report to the hiring authority the same day. [*Id.*]

While the appeal was pending, plaintiff was notified every thirty days that the appeal was delayed due to the complexity of it. [Doc. No. 13-2, *Frijas Decl.*, Ex. A.] He received written notice on June 14, 2019, that the review was complete and that the finding was defendant did not violate policy. [*Id.* at ¶ 10.]

## IV. *Defendant's Motion for Summary Judgment.*

Defendant argues he is entitled to summary judgment because plaintiff's appeal was still pending at the second level of review when he initiated this lawsuit on March 15, 2019. [Doc. No. 13, at pp. 13-14; Doc. No. 1.] Defendant further argues the Court should dismiss plaintiff's claims he was harassed and/or assaulted by defendant on September 27, 2018, October 3, 2018 and October 4, 2018 because these claims were not the subject of any appeal. [*Id.* at pp. 17-18.] The record before the Court supports defendant's arguments.

With respect to exhaustion of administrative remedies by inmates, a defendant has the burden of proving "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). "Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* However, "the ultimate burden of proof remains with the defendant[s]." *Id.* "[P]articular circumstances of the prisoner's case must be considered when deciding whether administrative remedies were properly exhausted." *Fuqua v. Ryan*, 890 F.3d 838, 850 (9th Cir. 2018), citing *Albino*, 747 F.3d at 1172.

In support of the Motion for Summary Judgment, defendant submitted Declarations by E. Frijas and Chief Ramos. Frijas is the Appeals Coordinator at R.J. Donovan Correctional Facility. [Doc. No. 13-2, *Decl. of E. Frijas,* ¶ 1.] He is familiar

7

with the processing of inmate appeals at R.J. Donovan Correctional Facility and has access to responses to inmate appeals issued by the Inmate Appeals Office ("IAO"), which receives all appeals submitted by inmates at the first and second level of review. [*Id.*] At the request of defense counsel, Frijas initiated a search of IAO records and computer database to locate any appeals made by plaintiff in 2018 or 2019, while housed at R.J. Donovan Correctional Facility, concerning allegations that defendant used excessive force against plaintiff or that he was harassed, threatened, and assaulted because he filed an inmate appeal. [*Id.* ¶ 7.] According to Frijas' Declaration, a thorough search of IOA records and computer database revealed that plaintiff submitted one appeal to the IOA related to these allegations, which was received on September 10, 2018. [*Id.* ¶¶ 8 & 9.] This appeal was determined to be a staff complaint and, therefore, it bypassed the first level of review. [*Id.* ¶ 9.] Frijas further declares that due to the complexity of the appeal and the fact it was returned to the reviewer for additional information, the second level of review of plaintiff's appeal was not completed until June 2019. [*Id.*] While his appeal was pending, plaintiff was notified in writing every 30 days the appeal was delayed due to its complexity. [*Id.* at ¶ 10.] True and correct copies of these notices are attached to Frijas' Declaration. [*Id.,* Ex. A.] Additionally, he provides the Court with true and correct copies of the Appeal Log for the subject appeal, and of the Appeals Listing Report from the R.J. Donovan Correctional Facility Inmate Tracking System Level I & II for plaintiff, which indicates the only staff complaint appeal made by plaintiff was the subject one, made on September 10, 2018. [*Id.,* Ex. B & C.]

Ramos is currently the Acting Chief of the Office of Appeals ("OOA"), which receives all non-medical inmate appeals or grievances submitted for third level review. [Doc. No. 13-1, *Ramos Decl*. ¶¶ 1 & 2.] Upon receipt, all appeals are logged by OOA staff into a computer database. [*Id.,* ¶ 2.] At the request of defense counsel, OOA staff initiated a search of OOA's records and computer database to locate any appeals made by plaintiff in 2018 or 2019, while housed at R.J. Donovan Correctional Facility, concerning allegations that defendant used excessive force against plaintiff or that he was harassed,

8

threatened, and assaulted because he filed an inmate appeal. [*Id. ¶* 7.] The only appeal received by OOA relating to these allegations was filed by plaintiff on June 24, 2019, and was rejected on July 18, 2019, because it did not contain all the required supporting documents. [*Id.* ¶¶ 5-7; Ex. A.] At the time plaintiff's appeal at the third level of review was dismissed, he had thirty days to refile. [Id. ¶ 6; Ex. A.]

Based on the evidence submitted by defendant in Frijas and Ramos' Declarations, it is the Court's view that defendant has met his burden of producing evidence to show plaintiff did not exhaust available administrative remedies prior to initiating this lawsuit on March 15, 2019. Because defendant carried his burden to show plaintiff did not exhaust available administrative remedies, the burden shifts to plaintiff to present evidence showing "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at p. 1172-1173.

### A. *Defendant has Properly Raised the Affirmative Defense of Exhaustion of Administrative Remedies*

Plaintiff argues that a Motion for Summary Judgment is not the proper vehicle to raise the affirmative defense of exhaustion of administrative remedies. [Doc. Nos. 20, p. 1 & 21, p. 1.] The Ninth Circuit has held, however, "the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA" is a motion for summary judgment under Fed. R. Civ. P. 56, and not an unenumerated motion under Rule 12(b). *Albino*, 747 F.3d at p. 1166. Accordingly, a motion for summary judgment is the proper motion to raise the affirmative defense of exhaustion of administrative remedies.

### B. *Plaintiff is Not Excused from Exhausting his Administrative Remedies*

Plaintiff next argues that because the review of his appeal at the second level took nine months, he was effectively denied access to the administrative process and, therefore, his administrative remedies are exhausted. citing *Andres v. Marshall*, 867 F.3d 1076 (9th Cir. 2017); *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005) [Doc. Nos. 20, pp. 1

9

19CV511-LAB(KSC)

& 2 & 21, pp. 1 & 2.] *Andres* is habeas corpus proceeding involving a finding by the state court that prison officials had obstructed the plaintiff from filing a grievance. 861 F.3d. at 1078-79. Relying on that finding, the Ninth Circuit held that an inmate need not exhaust administrative remedies when prison authorities thwart the inmate from using the grievance process through machination, misrepresentation or intimidation. *Id*. at 1078. If, however, an inmate reasonably believes that prison authorities are responding to his grievances, he must complete the exhaustion process. *Brown*, 422 F.3d. at 934-35. Delay may excuse a failure to exhaust where the inmate has waited a reasonable period of time and has received no response or explanation for the delay. *Rupe v. Beard*, 08CV2454-EFS(PC), 2013 WL 2458398 at *14-16 (E.D. Cal. June 3, 2013).

In this case, plaintiff could not have reasonably believed prison authorities would not respond to his appeal. While his appeal was pending, he was informed in writing every thirty days that his appeal was still under review, was given a revised deadline for completion of this review, and was also given an explanation for the delay. [Doc. No. 13-2, Frijas Decl., ¶ 10, Ex. A.] Prison officials need not strictly adhere to the time limits for response to an administrative grievance as long as the prisoner is given an explanation, as was done here. *Rios v. Paramo*, 14CV1073-WQH(DHB) 2016 WL 8731085 *19-20 (S.D. Cal. July 15, 2016). Extensions of this nature are permitted by prison regulations. See Ca. Code. Regs. Tit. 15 § 3084.8(d) and (e). Furthermore, upon conclusion of the second level of review of his appeal, plaintiff continued his appeal at the third level, demonstrating that he believed administrative remedies were still available to him, despite the delay.

### *C. Plaintiff did not Exhaust his Administrative Remedies with Respect to the Incidents that are Alleged to have Occurred After September 10, 2018*

There is no argument that plaintiff exhausted his claims that defendant harassed or assaulted him on September 27, October 3, or October 4, 2018. These allegations were not included in his prison appeal, which was filed on September 10, 2018, nor could they have been, as they are alleged to have occurred after that appeal was made. [Doc. No.

13-2, *Frijas Decl*. ¶¶ 9-10, Ex. B.] Plaintiff also has not filed a separate appeal with respect to these allegations. [Doc. No. 13-2, *Frijas Decl*. ¶¶ 12, 14, Ex. C; Doc. No. 13-1, *Ramos Decl*. ¶¶ 6-7.] These claims should, therefore, be dismissed.

### *Conclusion*

In sum, plaintiff has not met his burden of setting out specific facts to contradict those presented in the Frijas and Ramos' Declarations. It is, therefore, undisputed that plaintiff failed to exhaust his administrative remedies, because he initiated this lawsuit before completing the third level of review for his appeal with respect to his allegations pertaining to August 27, 2018, and because his allegations of wrongful conduct on the part of defendant on September 27, 2018, October 3, 2018 and October 4, 2018 were not raised in an appeal at all. Since defendant met his burden as the moving party to demonstrate that plaintiff failed to exhaust available administrative remedies prior to the initiation of this action and plaintiff failed to submit any contradictory evidence, it is this Court's view that defendant is entitled to summary judgment.

The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Judge assigned to this case pursuant to Title 28, United States Code, Section 636(b)(1). IT IS RECOMMENDED that the District Court GRANT defendants' Motion for Summary Judgment, because the record before the Court establishes that plaintiff failed to exhaust his administrative remedies as required by Title 42, United States Code, Section 1997e(a), and the sections of the California Code of Regulations outlined above.

IT IS HEREBY ORDERED that **no later than November 20, 2019** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties **no later than December 4, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those

objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 6, 2019

Hon. Karen S. Crawford
United States Magistrate Judge