# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE J. NEWTON,<br><br>                                Plaintiff,<br><br>vs.<br><br>OFFICER S. EATMON,<br><br>                               Defendant. | CASE NO. 19cv511-LAB (KSC)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Dkt. 25]** |

Theodore Newton, a state prison inmate proceeding pro se, brought this Section 1983 action alleging that he was assaulted by Defendant-Officer S. Eatmon. Officer Eatmon moved for summary judgment on the grounds that Newton failed to exhaust his administrative remedies prior to filing this suit. Currently before the Court is Magistrate Judge Crawford's Report and Recommendation ("R&R"), which recommends that Officer Eatmon's Motion for Summary Judgment be granted. Dkt. 25. The Court has reviewed Judge Crawford's R&R, Newton's objections, and Officer Eatmon's reply. For the reasons below, the Court **ADOPTS IN FULL** Judge Crawford's R&R.

Judge Crawford did not err in concluding that summary judgment was warranted based on Newton's failure to exhaust administrative remedies. The law is clear that a prison inmate like Newton may not bring a Section 1983 claim in federal court until he has exhausted all administrative remedies available to him. 42 U.S.C. § 1997(e). Here, Newton concedes that he did not exhaust his administrative remedies, but he maintains that the prison's nine-month delay in processing the second level of his administrative appeal constituted an unreasonable delay that excused the exhaustion requirement. Although it's

true there is no need to exhaust administrative remedies where prison officials make the grievance process "effectively unavailable," *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010), if an inmate reasonably believes that prison authorities are responding to his grievance, he must complete the exhaustion process. *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (exhaustion requirement excused only where an inmate has received all available remedies or has "been reliably informed by an administrator that no remedies are available."). Even with an extended delay, Newton could not reasonably believe the prison authorities were ignoring his grievance. While his appeal was pending, the prison informed him in writing every thirty days that his appeal was still under review, informed him of the reason for the delay, and provided him with a revised deadline for completing the review. More importantly, after the prison completed its second level of review, Newton continued his appeal to the third level, showing that he understood he had not exhausted all remedies available to him.

The Court **ADOPTS IN FULL** Judge Crawford's R&R. Dkt. 25. Defendant's Motion for Summary Judgment is **GRANTED**. Dkt. 13. Defendant's *ex parte* Motion to Vacate Pretrial Conference Dates is **DENIED AS MOOT**. Dkt. 32. The clerk is directed to enter judgment in favor of the Defendant and close the case.

**IT IS SO ORDERED**.

Dated: December 5, 2019

HONORABLE LARRY ALAN BURNS
Chief United States District Judge