# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| THEODORE J. NEWTON, | CASE NO. 19cv511-LAB (KSC) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION [Dkt. 40]** |
| vs. | |
| OFFICER S. EATMON, | |
| Defendant. | |

On December 6, 2019, this Court adopted Judge Crawford's Report and Recommendation ("R&R") and granted Defendant S. Eatmon's Motion for Summary Judgment, finding that Plaintiff Theodore Newton, a state prison inmate proceeding pro se, failed to exhaust his administrative remedies prior to bringing this suit. Dkt. 34. Newton now moves for reconsideration of that order under Rule 60(b), arguing that the Court failed to docket (and therefore consider) a Supplemental Opposition to Defendant's Motion for Summary Judgment that Newton mailed on November 8, 2019. That Supplemental Opposition attached a letter from the California Department of Corrections and Rehabilitation ("CDCR") denying Newton's third level of appeal. Because the third level of appeal is the final level for an inmate grievance, he argues that (1) he did in fact exhaust his administrative remedies, and (2) the Court would not have adopted the R&R if it had considered this document.

/ / /

/ / /

- 1 -

Newton is incorrect. Although it's true that Newton's Supplemental Opposition does not appear on the docket,[1] Newton attached the CDCR's "Third Level Appeal Decision" letter to his Objection to Judge Crawford's R&R, and the Court specifically considered that document when it adopted the R&R. *See* Order Adopting Report and Recommendation, Dkt. 34, at 1 ("The Court has reviewed Judge Crawford's R&R, *Newton's objections*, and Officer Eatmon's reply.") (emphasis added). The CDCR's decision letter is irrelevant to the Court's ruling because, as explained previously, "the law is clear that a prison inmate like Newton may not bring a Section 1983 claim in federal court until he has exhausted all administrative remedies available to him." *See id.* (citing 42 U.S.C. §1997(e)); *see also McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) ("[Section] 1997e(a) requires exhaustion before the filing of a complaint and that a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation."). The question is therefore not whether Newton has *currently* exhausted his administrative remedies, but rather whether he exhausted his administrative remedies before bringing suit. The record is clear that he did not, so there is no basis to reconsider the Court's previous orders. Newton's Motion for Reconsideration under Rule 60(b) is **DENIED.**

**IT IS SO ORDERED**.

Dated: January 9, 2020

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[1] Newton says this may be because he placed the Supplemental Opposition in an envelope with a Second Motion for Appointment of Counsel, which led to the Opposition being overlooked. *See* Motion for Reconsideration, Dkt. 40, at 1. In any event, it's true that his Supplemental Opposition is not found on the docket.